IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBIN DIGGS,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 2:24-cv-04827-JLS |
| : | |
| **BUCKS COUNTY,** *et al.*, : | |
| Defendants. : | |

# ORDER

AND NOW, this 29th day of May, 2025, upon consideration of Plaintiff Robin Diggs's Amended Complaint (ECF No. 29), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that the following Defendants are listed in the Amended Complaint [1]:

    a. Bucks County Prison;

    b. B.C.C.F. Investigator Robert McLeod;

    c. B.C.C.F. Investigator Daniel Onisick

    d. B.C.C.F. Officer John Doe #1

    e. Officer John Doe #2

    f. Officer John Doe #3

    g. Officer John Doe #4

    h. Officer John Doe #5

    i. Officer John Doe #6

---

[1] The Clerk of Court is directed to terminate from the docket the Defendants not listed in paragraph one, i.e. (1) Warden of B.C.C.F.; (2) Lt. John Doe #1; (3) Sgt. Cruz; (4) Nurse Kristen (PrimeCare Nurse of B.C.C.F.); (5) Nurse Katie (PrimeCare Nurse of B.C.C.F.); and (6) Dr. Gessner (Doctor of PrimeCare at B.C.C.F.).

j. Officer John Doe #7

k. Officer Cancel

l. Officer William F.

m. Officer Hickmon

n. Officer Hernandez

o. Sgt. John Doe #1

p. Sgt. John Doe #2

q. Sgt. John Doe #3

r. Sgt. John Doe #4

s. Sgt. John Doe #5

t. Sgt. John Doe #6

u. Sgt. John Doe #7

v. PrimeCare Medical Inc.

w. PrimeCare Medical Inc. Nurse Jane Doe #1

x. PrimeCare Medical Inc. Nurse Jane Doe #2

y. PrimeCare Medical Inc. Nurse Jane Doe #3

z. David Kratz, B.C.C.F. Director

aa. Daniel Naftulin, Detective

bb. Robert Gorman, Detective

cc. Carl Metellus, Warden

dd. James Coyne, Assistant Director

ee. Kelly Reed, Deputy Warden

ff. Jeff Cantino, Deputy Warden

gg. Captain Nottingham

    2.      The claims against Bucks County Prison are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] The Clerk of Court is **DIRECTED** to **TERMINATE** Bucks County Prison as a Defendant in this case.

    3.      The remaining claims shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

    a. B.C.C.F. Investigator Robert McLeod;

    b. B.C.C.F. Investigator Daniel Onisick;

    c. B.C.C.F. Officer Cancel;

    d. B.C.C.F. Officer William F.;

    e. B.C.C.F. Officer Hickmon;

    f. B.C.C.F. Officer Hernandez;

    g. PrimeCare Medical Inc.;

    h. B.C.C.F. Director David Kratz;

    i. Bucks County District Attorney's Office Detective Daniel Naftulin;

    j. Bucks County District Attorney's Office Detective Robert Gorman;

    k. Warden Carl Metellus;

    l. B.C.C.F. Assistant Director James Coyne;

    m. B.C.C.F. Deputy Warden Kelley Reed;

    n. B.C.C.F. Deputy Warden Jeff Cantino;

---

[2] The § 1983 claims against Bucks County Prison are dismissed as frivolous because a prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

      o.  B.C.C.F. Captain Nottingham

4. Service cannot be made on the numerous unidentified Defendants unless or until Diggs provides sufficient identifying information to allow for service.[3] It is Diggs's responsibility to notify the Court of the Defendant(s) identities if/when that information is obtained.

5. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Diggs together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph three (3) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

6. To proceed with service, Diggs must complete a USM-285 Form for each Defendant listed in paragraph three (3) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Diggs completes and returns these forms.

7. In completing the USM-285 Form(s), Diggs is instructed as follows:

    a. Diggs should complete a separate USM-285 Form for each Defendant listed in paragraph three (3) of this Order. Only one Defendant's name should appear on each USM-285 Form.

---

[3] Unidentified Defendants listed in the Complaint are: (1) B.C.C.F. Officer John Doe #1; (2) Officer John Doe #2; (3) Officer John Doe #3; (4) Officer John Doe #4; (5) Officer John Doe #5; (6) Officer John Doe #6; (7) Officer John Doe #7; (8) Sgt. John Doe #1; (9) SGt. John Doe #2; (10) Sgt. John Doe #3; (11) Sgt. John Doe #4; (12) Sgt. John Doe #5; (13) Sgt. John Doe #6; (14) Sgt. John Case #7; (15) PrimeCare Medical Inc. Nurse Jane Doe #1; (16) PrimeCare Medical Inc. Nurse Jane Doe #2; and (17) PrimeCare Medical Inc. Nurse Jane Doe #3.

b. Diggs shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

c. Diggs should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

d. Diggs must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Diggs's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

e. **Diggs must sign the USM-285 Forms** on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide the date the form was signed.

f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Diggs's claims against any such Defendant.

5

8.     Diggs is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

9.     The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Diggs returns in this case.

10.    The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**